McNeice v. Town of Waterford

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand fifteen.

PRESENT: DENNIS JACOBS,
GUIDO CALABRESI,
GERARD E. LYNCH,
        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

ADAM McNEICE,
        <u>Plaintiff-Appellant</u>,

        -v.-                                    14-1121

TOWN OF WATERFORD, DANIEL STEWARD, First Selectman of the Town of Waterford in his individual and official capacity, FRANK HOAGLAND, Building Official in his individual and official capacity, STEVE CARDELL, Assistant Building Official of the Town of Waterford in his individual and official capacity, THOMAS WAGNER, Planning Director for the Town of Waterford in his individual and official capacity, MICHAEL GLIDDEN,

**Zoning Enforcement Officer for the Town of Waterford in his individual and official capacity, RUSSELL G. DINOTO, in his individual and official capacity, JOSE ALBAINE, in his individual and official capacity, GEORGE L. GARDNER, in his individual and official capacity, TERRY McCARTHY, in his individual and official capacity, JOHN DOE, #1 in his individual and official capacity, JOHN DOE, #2 in his individual and official capacity, JOHN DOE, #3 in his individual and official capacity, JOHN DOE, #4 in his individual and official capacity,**

<u>Defendants-Appellees.</u>

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**     A. Paul Spinella, Spinella & Associates, P.C., Hartford, Connecticut.

**FOR APPELLEES:**     Michael T. Ryan, Jonathan C. Zellner, Ryan Ryan Deluca LLP, Stamford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Adam McNeice appeals from the judgment of the United States District Court for the District of Connecticut (Underhill, <u>J.</u>), granting summary judgment in favor of defendants-appellees.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On April 29, 2010, McNeice applied for a permit to add another floor to his vacation house in Waterford, Connecticut.  His permit application "authorize[d] the Planning & Zoning Commission, Building and Health Department

and its staff to enter upon the property in question for the purpose of inspection and enforcement" of the zoning, building, and health laws. (J.A. 96.) During the pendency of the application, town officials learned that McNeice's house suffered from a variety of issues, including exposed and hastily removed asbestos. After town officials demanded that McNeice stop work on the house, meetings and an exchange of sternly worded letters ensued. McNeice's August 13, 2010 letter, in response to a letter from Assistant Building Official Steven P. Cardelle, included the following instruction:

> I retain every homeowner['s] right of exclusion and specifically forbid Steve Cardelle from entering the property anytime. This is not a request. If the Waterford building department cannot send someone else, then the state officials will handle all inspections.

(J.A. 162.)

On August 25, Building Official Frank Hoagland directed Assistant Building Official John Murphy to inspect the house with respect to its exposure to high winds from a nearby body of water. Murphy inspected the premises as instructed, prompting McNeice (after further wrangling in the local government) to sue the Town of Waterford and more than a dozen of its officials in federal court, alleging violations of the United States Constitution.

After the district court dismissed several claims along with the municipal defendants, all that remained of the complaint was the allegation that Murphy's inspection constituted an unreasonable search in violation of the Fourth Amendment. The district court granted defendants' motion for summary judgment as to that claim, and McNeice appealed the grant of summary judgment.

We review de novo a district court's grant of summary judgment. Mario v. P&C Food Markets, Inc., 313 F.3d 758, 763 (2d Cir. 2002). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[I]n assessing the record to determine whether there is a genuine issue as to any material fact, the court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom

3

summary judgment is sought." Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 36 (2d Cir. 1994).

Although "[t]he Fourth Amendment generally prohibits the warrantless entry of a person's home," that limitation "does not apply . . . to situations in which voluntary consent has been obtained." Illinois v. Rodriquez, 497 U.S. 177, 181 (1990). A consenting individual "may of course delimit as he chooses the scope of the search to which he consents." Florida v. Jimeno, 500 U.S. 248, 252 (1991). "The standard for measuring the scope of . . . consent under the Fourth Amendment is that of 'objective' reasonableness-- what would the typical reasonable person have understood by the exchange between the [state actor] and the [consenting party]?" Id. at 251. "To ascertain whether consent is valid, courts examine the totality of the circumstances to determine whether the consent was a product of that individual's free and unconstrained choice, rather than a mere acquiescence in a show of authority." United States v. Garcia, 56 F.3d 418, 422 (2d Cir. 1995) (internal quotation marks and citations omitted).

McNeice's permit application provided express consent for town officials to enter and inspect his property in connection with the building laws. His letter of August 13, 2010, partially revoked consent as to any search conducted by Cardelle personally, but it left the consent otherwise intact, articulating McNeice's assumption that the Town would simply "send someone else." That is exactly what the Town did. The search was therefore within the scope of McNeice's consent as any reasonable person would interpret it.

To impugn the validity of his consent, McNeice contends that any consent effected through the permit application was involuntary under this Court's decision in Anobile v. Pelligrino, 303 F.3d 107, 124 (2d Cir. 2001). There, we held that when the government required consent to search of a residence as a condition of licensing necessary for employment, such consent was coerced and therefore invalid. McNiece's claim fails because, even assuming that his consent was not valid under Anobile, the town officials would nevertheless be entitled to qualified immunity since "their conduct d[id] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Taravella v. Town of Wolcott, 599 F.3d 129, 133 (2d Cir. 2010) (internal quotation marks

4

omitted).  A reasonable officer would not understand <u>Anobile</u> to invalidate McNeice's consent to search as part of a building permit application, particularly in light of this Court's subsequent decision in <u>Palmieri v. Lynch</u>, 392 F.3d 73, 76 (2d Cir. 2004).

      For the foregoing reasons, and finding no merit in McNeice's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK